Turley, J.
delivered the opinion of the court.
At the February term, 1842, of the Circuit Court of Wayne county, the prisoner was indicted for the crime of murder; and upon arraignment pleaded not guilty. There not being sufficient time for the dispatch of the business of the court, a special term was appointed to commence on the third Monday in April then next ensuing, till which time the trial of the issue between the State and the prisoner was continued.
At this special term, an attempt having been fruitlessly made to obtain a jury, the venue of the case was changed, under the provisions of the statute of 1833, chapter 11, to the adjoining county of Hardin.
At the May term, 1842, of the Hardin Circuit Court, it being the first term thereof after the change of venue, the case was continued, and an order made directing the clerk of the Circuit Court of Wayne to transmit a full and perfect transcript of the record to the Circuit Court of Hardin, which was done, and *478 spread, by order of the Judge, upon the records of that court, at its September term, 1842; at which said time the prisoner was tried and convicted of murder in the first degree, and sentenced to suffer death. Upon a motion for a new trial, he filed an affidavit, assigning as cause therefor, that one of the jurors by whom he was tried, was not a freeholder of the county of Hardin; which fact was unknown to him (the prisoner) at the time he was accepted as a juror, and until after the verdict was rendered. The motion for a new trial, as also a motion in arrest of judgment, was overruled; and thereupon a writ of error is prosecuted to this court; and three causes are assigned as error. 1st, That it does not appear of record that the grand jury of Wayne county returned the bill of indictment against the prisoner in open court, found to be a true bill. The entry of record as certified by the clerk of the Wayne Circuit Court to the Hardin Circuit Court is in the words and figures following, viz:
“Tuesday, February 8th, 1842. The grand jury came into open court under the care of their officer, and returned a bill of indictment against John H. Calhoun, Nathaniel Reeves and David Staggs, which is in the words and figures following, to wit: [Here the bill of indictment against the prisoner and said Reeves and Staggs, for the murder of one George T. Choat, with the endorsement thereon, is set forth.] A true bill.
Absalom GbaNT, Foreman of the Grand Jury.”
This is the entry on the minutes of the Wayne Circuit Court, made in pursuance of the act of the legislature, which requires bills of indictment in cases of felony to be spread at large upon the minutes, and is sufficiently specific and certain. It does therefore appear of record, that the bill of indictment upon which the prisoner was tried and convicted, was returned into open court by the grand jury, who found it a “true bill.”
2d. It. is contended, that the records of the proceedings in Wayne should have been spread upon the minutes of the Hardin Circuit Court, at the first term thereof after it had acquired jurisdiction of the case by the change of venue; and that, as this was not done, but at a subsequent term, the trial was corain non judice, and the judgment must therefore be reversed.
*479 At the first term of the Hardin court after the change of venue, there not being a correct copy of the record from Wayne filed, the case (as we have seen) was continued, and an order made upon the clerk of the Wayne court to make out and file a full and perfect transcript thereof, which was done, and by order of the Judge spread upon the records of the Hardin Circuit Court, at its September term, 1842, previous to the trial of the prisoner. The act of 1839, chapter 11, provides, “that when the venue of any criminal case shall be changed, it shall be the duty of the clerk of the court changing the venue, to make out a full and complete transcript of the record and proceedings in said cause, and transmit the same to the clerk of the court to which said venue is changed, which said transcript shall be entered in full upon the minutes of said court.” The requisites of this statute upon this subject have been strictly .complied with. The statute does not require that the exemplification should be made at the first time; and this very case proves that it would have been impolitic so to have provided. An imperfect copy of the record from Wayne is filed, and it becomes necessary to make an order for the procuring a correct one: this cannot be done in time to have it spread upon the minutes at the then term; of necessity it is done' at the next, and this must oust the jurisdiction of the Hardin court, as it is argued by the prisoner’s counsel. What would be the consequence? The Wayne court would have no jurisdiction of the case, because that was ousted by the change of venue; and the Hardin court having no jurisdiction because of the failure to spread the record upon the minutes at the first term, the prosecution has been abated, and the prisoner must be discharged, or recommitted for a new prosecution in the county of Wayne, to receive the same course of the change of venue to Hardin or some other adjoining county, and perhaps of abatement, if by neglect or connivance a correct copy of the record should not be filed in time. This would be'very absurd, and productive of no benefit to the prisoner, but of much and useless expenditure on the part of the State, and of hindrance and delay in the administration of criminal justice. This is not the construction of the statute, and the record from Wayne has been exemplified in due time.
*480 3d. It is contended, that a new trial ought to have been granted, for the causes forth in the affidavit, specified in the bill of exceptions. This has been so repeatedly held in that state to be no cause for a new trial, and the reasoning therefor has been so repeatedly gone into, in various cases heretofore examined and reported, that we deem it wholly unnecessary to add a word further thereto. ,
Then, upon a full and perfect view of the case, we are ' constrained to say, that there is, in our opinion, no error in <^ny part of the proceedings for which the judgment of the court below can be reversed, and affirm the same. ■